UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAHLON DUCHENEAUX,<br><br>Defendant. | 3:21-CR-30071-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On June 27, 2022, this Court sentenced Defendant Tahlon Ducheneaux to 62 months of imprisonment for prohibited person in possession of firearm, followed by three years of supervised release. Doc. 49. At the time of the sentencing, Ducheneaux was in Criminal History Category V with a guideline range of 70 to 87 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Ducheneaux in Criminal History Category IV, where his guideline range would have been 57 to 71 months.

Ducheneaux filed a Motion for Reduction in Sentence, Doc. 58, through the Federal Public Defender for North and South Dakota proposing a reduction to a 57-month sentence. The United States does not contest Ducheneaux's eligibility to be considered for a sentence reduction but opposes the proposed reduction in Ducheneaux's sentence, Doc. 61, principally because of his in-custody disciplinary history. This Court exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

1

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for applying a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

2

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Ducheneaux meets the criteria for such a reduction, having eight criminal history points and previously receiving two status points. Doc. 45. Under Part A of Amendment 821 to the Sentencing Guidelines, reduction of one status point for Ducheneaux reduces his criminal history points from 10 to 9, putting him in Criminal History Category IV rather than V. With his total offense level remaining at 21, his guideline range drops to 57 to 71 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. Dillion, 560 U.S. at 821–22. Section 3553(a), in addition to requiring

3

consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available . . .

18 U.S.C. § 3553(a).

The nature and circumstances of Ducheneaux's offense were serious and justify a significant sentence. On March 23, 2021, about five months after getting out on federal supervised release following serving sentences for assault with a dangerous weapon and violating supervised release, Ducheneaux possessed a semi-automatic pistol despite being a convicted felon and an active drug user. Doc. 36. On March 23, 2021, Ducheneaux was a passenger in a vehicle stopped by tribal police. Id. Ducheneaux got out of the vehicle and tried to leave the scene. Ducheneaux was ordered back to the vehicle. Id. After a drug dog alerted to the vehicle, a search yielded a red backpack containing, among other things, the pistol, a methamphetamine pipe, methamphetamine residue, and Ducheneaux's tribal ID and debit card. Id. Ducheneaux's DNA was found on swabbings taken from the gun and its magazine. Id. The pistol's serial number was obliterated, Doc. 45, and thus Ducheneaux's possession of the pistol violated federal law in three ways—felon in possession of firearm, drug user in possession of firearm, and possession of a firearm with an obliterated serial number.

The history and circumstances of Ducheneaux's life include being raised by a hardworking single mother in Eagle Butte. Ducheneaux began using alcohol and marijuana at age 15 and

methamphetamine soon after. Ducheneaux joined a gang and accumulated a history of tribal arrests in addition to the federal and state convictions that place him in Criminal History Category IV. Ducheneaux has some psychological issues as well as addiction issues. Ducheneaux, to his credit, graduated from high school. He has been in and out of custody on tribal and federal offenses for portions of his adult life. Ducheneaux has a very limited employment history and appears to need to become personally more responsible to do something productive with his life. Ducheneaux has three young children from an ex-girlfriend. Id. at 11–14.

The remaining factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify, at most, a very limited reduction from the prior sentence. Promoting respect for law prompts mention that, quite gallingly, Ducheneaux violated furlough conditions. Ducheneaux had received a furlough from pretrial detention to attend medical appointments and for an evaluation in Eagle Butte. He fled his third-party custodian, got drunk, tried to fight family members, later resisted arrest, and had to be tased to be subdued. Id. at 3.

The Eighth Circuit has recognized that in the context of evaluating a sentence reduction, a judge may consider post-conviction developments. See United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around"). Similarly, application note 1(B)(iii) to § 1B1.10 also directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment." U.S.S.G. 1B1.10, cmt. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

5

Some courts in the Eighth Circuit have denied sentence reductions because of a defendant's disciplinary problems. See, e.g., United States v. Boyd, 835 F.3d 791, 792 (8th Cir. 2016) (affirming denial of sentence reduction where district court had cited defendant's "extensive criminal history and record of misconduct while incarcerated, which included over thirty disciplinary violations" and had "[e]mphasiz[ed] the nature and seriousness of the danger to a person or the community that may be posed by a reduction in [defendant's] term of imprisonment"); see also United States v. Harris, No. 20-3264, 2021 WL 5272693, at *2 (8th Cir. Nov. 12, 2021) (unpublished) (affirming denial of motion upon review of details of defendant's conduct, including disciplinary data); United States v. Tofiga, 807 F. App'x 597, 598 (8th Cir. 2020) (unpublished) (affirming district court grant of motion and sentence reduction to middle of new guidelines range, based in part on disciplinary infractions while incarcerated); United States v. Rivera-Moreno, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Ducheneaux's prison records show some disciplinary problems. Doc. 55. Ducheneaux has received two sanctions for fighting. Doc. 60 at 1. As a result, Ducheneaux lost some good time credit as well as phone time and email privileges. Id. On the other hand, Ducheneaux completed some coursework. Doc. 53-1. The United States also points to Ducheneaux previously having discipline issues when serving an earlier sentence. Doc. 61 at 7. Ducheneaux's sporadic disciplinary issues militate against a sentence reduction, but those incidents of misbehavior appear to have been met with an appropriate penalty administratively. They do not debar Ducheneaux from being considered for a sentence reduction.

6

Retroactive application of the recent guidelines changes places Ducheneaux in Criminal History Category IV with a guidelines range of 57 to 71 months. The Federal Public Defender asks for the bottom end of that guideline range—57 months. Docs. 58, 64. The United States opposes any sentence reduction. Doc. 61. Ruling on these sorts of motions analytically requires a sentencing court to evaluate what the court would have done if it had calculated a lower guideline range to apply at the time of sentencing. Here, this Court considers a 60-month sentence to be sufficient but not more than necessary under the § 3553(a) factors. Therefore, it is

ORDERED that Ducheneaux's Motion for Reduction in Sentence, Doc. 53, is granted to the extent that the sentence is lowered from 62 months to 60 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting sentence reduction from 62 to 60 months but making no other changes to the terms of the prior Judgment in a Criminal Case

DATED this 10th day of July, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE